UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZIKLAG IP LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-cv-1786 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | |
| AMAZON WEB SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Touchmusic Entertainment LLC owned a patent, and believed that Amazon infringed on the patent. But Touchmusic had another problem, above and beyond the alleged infringement. The state of California suspended Touchmusic because it failed to pay taxes, so Touchmusic lost the ability to sue.

Touchmusic went ahead and sued Amazon anyway, alleging infringement. Touchmusic claimed that Amazon infringed on the patent for a grand total of three days, from March 2 to March 5, 2018.

A month or so after filing the complaint, Touchmusic assigned the patent to Ziklag IP LLC. Ziklag then filed an amended complaint. Amazon, in turn, moved to dismiss.

Amazon argues that this Court lacks subject-matter jurisdiction. As Amazon sees things, Touchmusic lacked standing when it filed the complaint because the state of California had suspended the company. In its view, Touchmusic's inability to sue meant that it had no standing. Amazon also seeks dismissal on non-jurisdictional grounds.

For the reasons stated below, the motion to dismiss is granted. This Court does have subject-matter jurisdiction, but the complaint fails to state a claim.

**Background**

At the motion-to-dismiss stage, the Court must accept as true the well-pleaded allegations of the complaint. *See Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir. 2020). The Court "offer[s] no opinion on the ultimate merits because further development of the record may cast the facts in a light different from the complaint." *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020).

Touchmusic Entertainment LLC is a limited liability company registered in California. *See* Cplt., at ¶ 2 (Dckt. No. 1). Touchmusic owned United States Patent No. 6,182,128. *Id.* at ¶¶ 3–4. The patent covers an invention that streamlines the distribution of data files. *See* Cplt. Ex. 1, at 6 (Dckt. No. 1-1). Touchmusic owned the patent from January 30, 2001 until March 5, 2018, when the patent expired.

Touchmusic didn't pay its taxes, which didn't go over well with the state of California. So, for a ten-year period from August 2014 to April 2024, California suspended the company. *See* Joint Status Report, at 3 (Dckt. No. 14).

Under California law, a suspended company loses the ability to sue. Touchmusic continued to exist, but it was in the corporate equivalent of timeout. It couldn't go anywhere, or do anything.

Touchmusic went to the courthouse anyway. Touchmusic filed a complaint against Amazon Web Services in March 2024 (while it was still suspended), alleging patent infringement. *See* Cplt., at ¶ 7 (Dckt. No. 1).

Touchmusic claims that "[f]rom March 2, 2018, to March 5, 2018, [Amazon] infringed claims of the '128 patent by, among other activities, making, using, selling and offering for sale its CloudFront internet delivery and cloud storage online services that provide real-time delivery

2

and distribution of digital audio, audio-visual and graphic content including music, movies, podcasts and websites, among other digital content." *Id.*

Touchmusic didn't remain the plaintiff in this case for long. About a month after Touchmusic filed the complaint, Ziklag IP LLC sprang into existence. *See* Joint Status Report, at 3 (Dckt. No. 14). And on the very same day, Touchmusic assigned the patent to Ziklag. *Id.* On June 3, 2024, Ziklag then filed an amended complaint, replacing Touchmusic as the plaintiff. *See generally* Am. Cplt. (Dckt. No. 13).

As an aside, Touchmusic and Ziklag skipped a step. The Federal Rules allow a substitution if "an interest is transferred." *See* Fed. R. Civ. P. 25(c). But substitution requires a motion. *Id.*; *see also* Fed. R. Civ. P. 25(a)(3). After a plaintiff files the original complaint, the district court watches the door and controls who comes in and out.

True, a plaintiff can file an amended complaint as of right within 21 days of service. *See* Fed. R. Civ. P. 15(a)(1)(A). But Touchmusic neglected to file a proof of service as required by Rule 4(l)(1), so this Court does not know if the amended complaint fell within that timeframe. *See* Fed. R. Civ. P. 4(l)(1). And in any event, Rule 15(a)(1)(A) allows a "party" to amend its complaint – it doesn't allow that party to leave the case entirely, and bring in someone else. *See* Fed. R. Civ. P. 15(a)(1)(A). That's substitution, and Rule 25 governs substitution.

Joining a case without permission is like showing up at someone else's house unannounced, letting yourself in, and taking a seat at the dinner table. It's best to knock first. A similar principle applies to leaving a case without permission. If you want to leave the dinner table, you have to ask to be excused.

Here, Touchmusic and Ziklag didn't file a motion, so they didn't comply with the Federal Rules. But Amazon didn't object, either. To tie a ribbon on it, the (unspoken) motion for

3

substitution is granted. Ziklag is substituted as the plaintiff in place of Touchmusic, and Touchmusic is dismissed.

Amazon moved to dismiss on a few grounds. Most importantly, Amazon took the position that this Court lacks subject-matter jurisdiction because Touchmusic was suspended when it filed the original complaint. Amazon makes non-jurisdictional arguments, too. In particular, Amazon points out that Touchmusic assigned the patent, but did not assign the right to sue for past infringement.

## Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges whether a court has subject-matter jurisdiction over a claim or case. *See* Fed. R. Civ. P. 12(b)(1); *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

A party can bring either a facial challenge or a factual challenge to a plaintiff's standing. *See Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

A facial challenge means that the complaint does not sufficiently allege that the plaintiff has standing. *Id.* A facial challenge operates like an ordinary motion to dismiss. A court must "accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in plaintiff's favor," and cannot rely on evidence outside the pleadings. *See Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691 (7th Cir. 2015) (citation omitted).

In contrast, a factual challenge to standing involves an argument about real-world facts, not the allegations of the complaint. The complaint may be "formally sufficient," but "there is *in fact* no subject matter jurisdiction." *See Apex Dig.*, 572 F.3d at 444 (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)) (emphasis in original). In a factual

challenge, a court may consider "whatever evidence has been submitted" on the issue of standing. *Id.*

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

## Analysis

Amazon begins with a challenge to standing, arguing that this Court lacks subject-matter jurisdiction because of the suspension. Turning to the substance, Amazon argues that the complaint fails to state a claim because Touchmusic did not assign to Ziklag the right to sue for past infringement. Amazon makes other arguments, too, but there is no need to address anything else.

### I. Standing

The first issue is standing under Article III. Subject-matter jurisdiction always comes first, because there is nowhere to go without it. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). First things first.

Amazon's argument is about Touchmusic's status as a company. As Amazon sees things, Touchmusic lacked standing under Article III because it was suspended under California law when it filed the complaint. In its view, a suspended company lacks standing to bring a claim.

That's an argument. But it's not a *standing* argument. It's an argument about the capacity to sue.

Standing is not the same thing as the capacity to sue. "Capacity to sue is a threshold matter allied with, but conceptually distinct from, the question of standing." *See* 59 Am. Jur. 2d Parties § 28.

Standing is a "short-hand term for the right to seek judicial relief for an alleged injury." *Simic v. City of Chicago,* 851 F.3d 734, 738 (7th Cir. 2017). Standing requires an injury in fact caused by the defendant that is redressable in court. *See Lujan*, 504 U.S. at 560–61.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). An injury is concrete if it is "'real,' and not 'abstract.'" *Id.* at 340 (citation omitted). An injury "must be legally and judicially cognizable." *See Raines v. Byrd*, 521 U.S. 811, 819 (1997).

Standing requires a plaintiff to have skin in the game. A plaintiff must allege "'such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) (citation omitted); *see also Murthy v. Missouri*, 603 U.S. 43, 57 (2024). Standing is an essential part of subject-matter jurisdiction because a "federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered 'some

threatened or actual injury resulting from the putatively illegal action.'" *See Warth*, 422 U.S. at 499.

The capacity to sue is different. The capacity to sue is about a "party's personal right to come into court." *See* 6A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1559 (3d ed. 2023). It's an "issue dealing with the personal qualifications of a party to litigate," and "typically is determined without regard to the particular claim or defense being asserted." *Id.* The capacity to sue is about whether a party "that possesses an enforceable right *may act as a litigant*." *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 992 F.3d 370, 382 (2d Cir. 2021) (emphasis added).

The capacity to sue "concerns a party's legal authority or power to sue or be sued." *See* 4 Moore's Federal Practice § 17.20 (3d ed. 2024). "The most common examples" of what can "deprive one of legal capacity are minority and insanity." *Id.* States also can "impose limitations on the capacity" of "corporations and fiduciaries" to "sue or be sued." *Id.*

A corporation typically loses the capacity to sue if it is suspended under state law. A suspended corporation "usually does not have capacity to prosecute or defend a civil action," unless a state statute allows it. *See* 16A William M. Fletcher, Fletcher Cyclopedia of the Law of Corporations § 8142 (perm. ed. 2023).

California law is good example. Under California law, the "powers, rights, and privileges" of a corporation "may be suspended" if the corporation fails to pay "any tax, penalty, or interest" owed to the state. *See* Cal. Rev. & Tax Code § 23301. And "[t]he suspension of the corporate powers, rights and privileges means a corporation cannot sue." *See Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1149 (9th Cir. 2016) (citation omitted).[1]

---

[1] There is a choice-of-law issue that this Court won't get into. Suffice it to say that Rule 17 governs the capacity to sue. Rule 17(b)(1) governs individuals, and Rule 17(b)(2) governs corporations. For "all

7

Standing is about whether a plaintiff suffered an injury caused by the defendant, and whether a court can do anything about it. The capacity to sue is about a plaintiff's ability to file something in the courthouse *at all*.

A plaintiff could have standing, but not a capacity to sue. On the flipside, a plaintiff could lack standing, but could have a capacity to sue.

Imagine a car accident between Car #1 and Car #2. An injured person in Car #2 might have standing (because his car got hit), but lack the capacity to sue (because he's in a coma). On the other hand, the driver of Car #3 might have the capacity to sue (because he's a healthy adult), but lack standing (because Car #3 wasn't in the accident, so he suffered no injury).

The Seventh Circuit has recognized the difference between standing and the capacity to sue. *See Bd. of Educ. v. Illinois Bd. of Educ.*, 810 F.2d 707, 709–10 (7th Cir. 1987) ("Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest."); *see also Citizens Against Ruining the Environment v. EPA*, 535 F.3d 670, 677 (7th Cir. 2008) ("And while the attorney general may have . . . capacity to sue, *standing* must be independently established in every case.") (emphasis in original).

Other courts widely recognize the difference between standing and the capacity to sue. *See, e.g.*, *Texaz Star Turbines, Inc. v. Turbine Powered Tech., LLC*, 2023 WL 154957, at *2 (9th Cir. 2023) ("A party's capacity to sue is different from standing."); *United Supreme Council, 33*

---

other parties," including limited liability companies (like Touchmusic and Ziklag), the capacity to sue depends on "the law of the state where the court is located." *See* Fed. R. Civ. P. 17(b)(3). But an unincorporated association "with no such capacity under that state's law" may sue or be sued to enforce a federal substantive right. *See* Fed. R. Civ. P. 17(b)(3)(A). In any case, there is no need to figure out whether California law or Illinois law governs the question of the capacity to sue here, or whether Ziklag can take advantage of the carve-out under Rule 17(b)(3)(A). This Court resolves the motion on other grounds.

8

*Degree v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry*, 792 F. App'x 249, 255 (4th Cir. 2019) ("The [district] court's determination that Grand Orient lacks standing, it seems to us, conflates two distinct concepts: a party's capacity to sue, and this court's Article III jurisdiction."); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003) ("[R]egardless of whether the appellant had capacity to sue, it must establish that it had standing under Article III of the Constitution at the time it filed suit."); *Sports Arena Mgmt., Inc. v. K & K Ins. Grp., Inc.*, 2008 WL 4877452, at *4 (N.D. Ill. 2008) ("Though defendant invokes the doctrine of standing, it really seems to be contesting Sports Arena Management's capacity to sue."); *Escobosa v. Sunbelt Commc'ns Co.*, 2009 WL 10672058, at *2 (S.D. Cal. 2009) ("Standing to sue concerns whether a plaintiff is eligible to get relief in court, whereas capacity to sue or be sued is a question of whether a party is allowed to be in court litigating at all.") (addressing a suspended corporation).

The concepts of standing and the capacity to sue might feel similar because they both touch on whether a plaintiff belongs in the courthouse. *See* 6A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1542 (3d ed. 2023) ("[I]t is not surprising that courts and attorneys have frequently confused the requirements for standing with those used in connection with real-party-in-interest or capacity principles."). A plaintiff who lacks standing can't bring a claim, and neither can a plaintiff without the capacity to sue. But the reasons are different.

Standing is about the existence of an injury – a plaintiff must have a sack of troubles to bring to the courthouse. A plaintiff without an injury has no *reason* to enter the courthouse. The capacity to sue is about the ability to enter the courthouse to do something about an injury. A plaintiff without the capacity to sue has no *ability* to enter the courthouse, because that plaintiff has no ability to act at all.

9

A suspension affects a company's capacity to sue, not its standing. A suspension means that a company can't enter the courthouse because it lost the ability to litigate. But the fact that a company can't enter the courthouse does not mean that the company did not suffer an injury. A suspension does not affect standing because a suspension does not negate a past injury.

Here, the problem isn't Touchmusic's standing. Amazon doesn't argue that Touchmusic suffered no injury. Amazon argues that Touchmusic couldn't do anything about the injury because it got suspended and thus lost the ability to litigate. That's an argument about Touchmusic's capacity to sue, not its standing.

Touchmusic has standing. In a patent infringement case, a patent-holder has standing if it alleges that someone else is encroaching upon its patent. *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264–65 (Fed. Cir. 2010) ("Because the legally protected interests in a patent are the exclusionary rights created by the Patent Act, a party holding one or more of those exclusionary rights – such as an exclusive licensee – suffers a legally cognizable injury when an unauthorized party encroaches upon those rights and therefore has standing to sue."); *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007). Touchmusic alleged exactly that when it filed the complaint.

In sum, maybe Touchmusic didn't have the capacity to sue when it filed suit. This Court won't reach that question, and won't reach whether it was cured, because Amazon didn't argue it. The only jurisdictional question is whether Touchmusic had standing when it filed the complaint, and this Court concludes that it did. Touchmusic had standing, and Ziklag does too. *See Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) ("[A]n assignee is the patentee and has standing to bring suit for infringement in its own name.") (explaining that a

"suit for infringement must ordinarily be brought by a party holding legal title to the patent," *i.e.*, the patentee) (citation omitted).

## II. Assignment of Rights

Turning to the substance, Amazon challenges the assignment of rights from Touchmusic to Ziklag.[2]

As Amazon sees things, Touchmusic assigned the patent to Ziklag, but did not assign the right to sue for past infringement. In its view, Ziklag has a patent, but doesn't have a right to sue, so Ziklag is out of luck. *See* Def.'s Mem., at 10 (Dckt. No. 18).

The Court agrees. In fact, that argument recently received a warm judicial reception in a related case in this courthouse involving the same plaintiff. Judge Rowland granted a motion to dismiss a claim brought by Ziklag because Touchmusic did not assign the right to sue. *See Ziklag IP LLC v. Netflix, Inc.*, 2025 WL 904311, at *4–5 (N.D. Ill. 2025). This Court reaches the same conclusion, for the same reasons.

Ownership of a patent, in and of itself, does not include the right to sue for past infringement that took place when someone else owned the patent. "[T]he conveyance of the patent does not normally include the right to recover for injury occurring to the prior owner." *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) (citing *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 43 (1923)).

A prior owner keeps the right to sue for infringement that took place before transferring ownership of the patent, unless the parties expressly agree to transfer the right to sue, too. "A

---

[2] Amazon frames its challenge to the assignment of rights as an argument about Article III standing. *See* Def.'s Mem., at 9–11 (Dckt. No. 18). In reality, that argument is about statutory standing, which doesn't implicate subject-matter jurisdiction. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014).

party may sue for past infringement transpiring before it acquired legal title if a written assignment *expressly* grants the party a right to do so." *Abraxis Biosci., Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010) (emphasis added) (citing *Moore v. Marsh*, 74 U.S. 515, 522 (1868)); *see also Minco*, 95 F.3d at 1117 ("These cases establish a general rule that the right to sue for prior infringement is not transferred unless the assignment agreement manifests an intent to transfer this right.").

It all boils down to the language of the documents that assigned the patent. "Determining whether the right to sue for prior infringement has been transferred turns on the proper construction of the assignment agreements." *Minco*, 95 F.3d at 1117.

Assigning the title to the patent isn't good enough. "[T]he bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement." *Id.* But an assignment agreement does transfer the right to sue when the agreement "expressly notes that [the assignee] received all right, title, and interest from [the assignor], *including all rights of action and damages for past infringement*." *Id.* (emphasis added) (internal quotation marks omitted).

"As the Supreme Court stated, it is a 'great mistake' to 'suppose' that the assignment of the patent carries with it the right to sue for past infringement." *Id.*

Touchmusic and Ziklag made that "great mistake." *Id.*

This Court took a look at the assignment agreement. *See* Def.'s Ex. B (Dckt. No. 18-3); Pl.'s Ex. 3 (Dckt. No. 20-3). That's fair game on a motion to dismiss. When the complaint itself refers to the assignment, and when the assignment is central to the claim, a court may consider the assignment agreement without converting a motion to dismiss into a motion for summary

judgment. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2000) (citation omitted).

The assignment agreement transferred ownership of the patent from Touchmusic to Ziklag. The agreement provides that Touchmusic "hereby irrevocably conveys, transfers, and assigns all of Touchmusic's right, title, and interest in and to the Patent to Ziklag IP LLC." *See* Def.'s Ex. B (Dckt. No. 18-3); Pl.'s Ex. 3 (Dckt. No. 20-3).

The assignment didn't mention any past infringement, or a right to sue for past infringement. Ziklag acquired the patent, but it didn't acquire the right to sue for past infringement. So Ziklag can't bring a claim for past infringement.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is hereby granted.

Date: March 31, 2025

Steven C. Seeger
United States District Judge